UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAMARA L.,

              Plaintiff,

      v.                                  **DECISION AND ORDER**
                                              19-CV-621S

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

      1.      Plaintiff Tamara L.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since December 22, 2014, due to various physical and mental conditions.  Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

      2.      Plaintiff filed applications for disability benefits and supplemental security income in September 2015.  After denial at the agency level, Plaintiff proceeded to a hearing before an ALJ, which took place before ALJ John Loughlin via videoconference on April 17, 2018.  At the time of the hearing, Plaintiff was 46 years old, with at least a high school education, and no past relevant work.  The ALJ considered the case *de novo* and, on August 9, 2018, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on March 15, 2019.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on May 14, 2019, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on February 19, 2020.  (Docket Nos. 4, 7, 13, 14.)  The Clerk of Court thereafter assigned the case here on February 4, 2021, at which time this Court took the motions under advisement without oral argument.  (Docket No. 16.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. §§ 405 (g), 1383 (c)(3).

5.      A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews

---

[2] The ALJ's August 9, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

        6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.      As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard."   Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.      "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."   Williams on Behalf of

Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.    The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the

> fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.    The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.    In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since December 22, 2014, the alleged onset date (R. at 20);[3] (2) Plaintiff's essential hypertension, diabetes mellitus, asthma, obesity, anxiety disorder, and major depression are severe impairments within the meaning of the Act (R. at 20-21); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 21-23); (4) Plaintiff retained the residual

---

[3] Citations to the underlying administrative record are designated as "R."

functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967 (b), with certain exceptions[4] (R. at 23-26); (5) Plaintiff had no past relevant work (R. at 26); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 27).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from December 22, 2014, through August 9, 2018.  (R. at 18, 28.)

13.     Plaintiff challenges the ALJ's decision on two fronts.  First, she contends that the ALJ misapplied the treating-physician rule to the opinions of her primary care physician, Dr. Gregory Schenk.   Second, she contends that the ALJ's physical RFC determination is not supported by substantial evidence because the ALJ impermissibly based it on his own interpretation of bare medical evidence, rather than a supporting medical opinion.   In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.  This Court agrees with the Commissioner.

14.     Plaintiff first argues that the ALJ misapplied the treating-physician rule to the opinions of Dr. Schenk, who treated her physical and mental conditions.  For claims filed before March 27, 2017, such as this one, the treating-physician rule requires that an ALJ give controlling weight to a treating source's opinion on the issues of the nature and severity of a claimant's impairments, if the opinion is well-supported by medically

---

[4] The ALJ found that Plaintiff retained the RFC for light work, except that Plaintiff can frequently balance, kneel, crouch, stoop, and crawl; can frequently climb stairs and ramps; can never climb ladders, ropes, and scaffolds; can never be exposed to unprotected heights or moving machinery parts; can have only occasional exposure to dust, noxious odors, fumes, and poor ventilation; can understand, remember, and carry out only simple instructions and make only simple work-related decisions; can only occasionally deal with changes in a routine work setting; and can only occasionally deal with supervisors, coworkers, and the public.  (R. at 23.)

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.[5]  See 20 C.F.R. §§ 404.1527 (c)(2),  416.927 (c)(2); Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004).  If the ALJ does not give controlling weight to a treating source's opinion, he or she must apply several factors to determine what weight to afford the opinion, which include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the degree to which the medical source supported his opinion; (4) the degree of consistency between the opinion and the record as a whole; (5) whether the opinion is given by a specialist; and (6) other evidence which may be brought to the attention of the ALJ.

Morrillo v. Apfel, 150 F. Supp. 2d 540, 545-46 (S.D.N.Y. 2001); see also Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2018); 20 C.F.R. §§ 404.1527 (c), 416.927 (c).

15.     But as this Court has previously recognized, an ALJ "does not have to explicitly walk through these factors, so long as the Court can 'conclude that the ALJ applied the substance of the treating physician rule . . . and provide[d] 'good reasons' for the weight [the ALJ] gives to the treating source's opinion.'"  Hall v. Colvin, 37 F. Supp. 3d 614, 625 (W.D.N.Y. 2014) (quoting Halloran, 362 F.3d at 32); see Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013) (explaining that the ALJ need not undertake a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear").  If the ALJ rejects the treating physician's opinion as controlling, he or she must have "good reasons" for doing so and must explain those reasons to the claimant.  20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); accord Schaal v. Apfel, 134 F.3d 496, 503-04 (2d Cir. 1998).

---

[5] For claims filed on or after March 27, 2017, the Commissioner evaluates medical opinion evidence under 20 C.F.R. §§ 404.1520c, 416.920c.

16.    The record contains two opinions from Dr. Schenk.  First, on May 4, 2016, he opined that Plaintiff's diabetes, low back pain, and depression caused her to be "very limited" in walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing.  (R. at 394.)  Dr. Schenk further found no evidence of mental limitations, other than Plaintiff being "very limited" in her ability to function for eight hours in a work setting at a consistent pace.  See id.

17.    Second, on July 26, 2018, Dr. Schenk opined that Plaintiff's diabetes, lumbar radiculopathy, and depression caused multiple physical and mental impairments. (R. at 1034-37.)  As to physical impairments, Dr. Schenk opined that Plaintiff could walk only one-half a city block before needing to rest and could sit or stand for only 20 minutes before needing to change positions, with an ability to sit and stand for only two hours in an 8-hour workday.  (R. at 1034.)  He further stated that Plaintiff could occasionally lift less than 10 lbs., could rarely lift 10 lbs., and could never lift 20 or 50 lbs.  (R. at 1034.) Dr. Schenk also opined that Plaintiff would need to shift positions at will and would need to take two or three unscheduled breaks of between five to ten minutes each during an 8-hour workday.  (R. at 1035.)  As to mental impairments, Dr. Schenk indicated that Plaintiff suffered from multiple mental limitations that would preclude her from performing work activities up to 20% of an 8-hour day, including understanding, remembering, and carrying out instructions and procedures; maintaining a regular schedule and ordinary routine; and completing a normal workday and workweek without significant interruption due to psychologically-based symptoms.  (R. at 1035-36.)  In the end, Dr. Schenk opined that Plaintiff's combined physical and mental limitations would cause her to be "off task"

or unable to perform work for more than 30% of an 8-hour workday and for more than four days per month.  (R. at 1036.)

18.     Upon review, this Court finds that substantial evidence supports the ALJ's treatment of Dr. Schenk's opinions.  The ALJ recognized Dr. Schenk as Plaintiff's treating physician, not a specialist, and assigned each of his opinions "little weight" because he found them "not supported by evidence" and inconsistent with Plaintiff's "controlled" conditions.  (R. at 26.)  Indeed, Dr. Schenk did not explain his opinions in any detail and did not cite any supporting medical evidence.  Dr. Schenk's 2018 opinion concerning Plaintiff's mental limitations, for example, is inconsistent with his multiple normal mental status findings (see R. at 299, 305, 373, 631, 656, 673, 720, 737, 751, 980) and repeated recordings that Plaintiff's depression and anxiety were controlled or stable (see R. at 300, 307, 374, 633, 659, 675, 713, 720, 738, 974).  Dr. Schenk cites no evidence supporting his highly curtailed mental findings, nor do those findings find support in any other opinion evidence.

19.     In addition, the ALJ noted that Dr. Schenk's own records indicated that Plaintiff's physical ailments were well controlled.  (R. at 26.)  Indeed, the record reflects that just three months before his March 2018 opinion, Dr. Schenk examined Plaintiff and noted that she was following a healthier diet and losing weight (R. at 626), that her diet was well controlled (id.), that she affirmed general good health (id.), and that she denied any significant body system problems, but for headaches and depression (R. at 626-27). On exam, Dr. Schenk found that Plaintiff was in no acute distress, could walk with normal gait for her age, had appropriate mood and normal affect, that her anxiety and depression were stable on current medications, that her diabetes was well controlled on current

medications, and that her hypertension was stable on current medications.   (R. at 631, 633.)  These findings are inconsistent with Dr. Schenk's opinion, just three months later, that Plaintiff suffered from extreme and work-preclusive physical and mental limitations, and there is no evidence in the record of any significant degradation between December 2017 and March 2018.

20.    Accordingly, this Court finds that the ALJ's decision to afford Dr. Schenk's opinions "little weight" is supported by substantial evidence in the record and is sufficiently explained with good reasons provided.  See Hall, 37 F. Supp. 3d at 625.

21.    Plaintiff next argues that the ALJ's physical RFC determination is not supported by substantial evidence because the ALJ impermissibly based it on his own interpretation of bare medical evidence, rather than a supporting medical opinion.  RFC is "what an individual can still do despite his or her limitations."  Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).  To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record.  See 20 C.F.R. §§ 404.1545 (a)(1), 416.945 (a)(1).  Such evidence includes, inter alia, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations.  See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the

evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole.  See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013); Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).  And the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion.  See Quinn, 199 F. Supp. 3d at 712.  Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity."  Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021 WL 22504, at *4 (W.D.N.Y. Jan. 4, 2021).

22.    Here, the ALJ determined that Plaintiff could perform light work with specified limitations.  (R. at 23-26.)  To be considered capable of performing a full range of light work, an individual must generally have the substantial ability to lift 20 pounds or less at a time, frequently lift or carry objects weighing up to 10 pounds, walk or stand a good deal, and push and pull arm or leg controls while seated.  See 20 C.F.R. §§ 404.1567 (b), 416.967 (b).   To account for Plaintiff's specific functional limitations, the ALJ restricted Plaintiff's physical RFC to, inter alia, never climbing ladders, ropes, or scaffolds; no exposure to unprotected heights or moving machinery parts; and only occasional exposure to dust, noxious odors, fumes, or poor ventilation.  (R. at 23.)

23.    The ALJ reached this determination after reviewing and evaluating the record evidence.  First, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her physical symptoms were not entirely consistent with the medical evidence.  (R. at 25.)  The ALJ found that although Plaintiff testified to suffering from severe physical limitations, the medical evidence indicated that she was in

no acute distress, had normal gait, did not require any assistive walking devices, had stable and non-tender joints, and had no swelling or effusion.  (R. at 25.)

24.    Second, the ALJ considered the medical evidence.  The ALJ noted that Plaintiff's essential hypertension and diabetes were largely controlled with medication and that the leg swelling she experienced was due to either an insect bite or her diabetes, though it was noted that she could fully bear weight and ambulate normally despite the swelling.  (R. at 24.)  Nonetheless, to account for these conditions, the ALJ limited Plaintiff to light exertional duty and included postural limitations and a prohibition on exposure to unprotected heights and moving machinery parts.  (See id.)  The ALJ further recognized Plaintiff's obesity, though also noted that there was no evidence that Plaintiff had any difficulty walking on her own (no use of assistive device).  (See id.)  Nonetheless, the ALJ accounted for Plaintiff's obesity by including specific limitations on climbing ladders, stairs, and scaffolds, in her RFC.  (See id.)  The ALJ similarly recognized Plaintiff's asthma condition and accommodated it with environmental limitations in the RFC.  (See id.)

25.    Third, the ALJ considered the medical opinion evidence concerning Plaintiff's physical limitations.  As noted above, he gave "little weight" to Dr. Schenk's two opinions.  (R. at 26.)  He gave "some weight" to physical consultative examiner Hongbiao Liu, M.D., who opined that Plaintiff had mild to moderate limitations for prolonged walking, bending, kneeling, and overhead reaching, and should avoid dust and other irritants that could lead to asthma attacks.  (R. at 26, 388-91.)

26.    Plaintiff argues that her physical RFC determination is not supported by substantial evidence because it is not based on medical opinion evidence.  "In general, the ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole, not just

upon the medical opinions alone." Richard B., 2021 WL 22504, at *5 (citing Trepanier v. Comm'r of Soc. Sec. Admin., 752 F. App'x 75, 79 (2d Cir. 2018)).  It is thus not error, *per se*, for an ALJ to formulate an RFC in the absence of medical opinion evidence.  See, e.g., Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, at *8-9 (2d Cir. Jan. 18, 2017) (stating that where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], a medical source statement or formal medical opinion is not necessarily required") (quotation marks and citations omitted).

27.     Medical opinion evidence is thus just one subset of evidence that the ALJ must consider in reaching an RFC determination.  See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5).  But it is an important subset because as a lay person, "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence."  See Wilson v. Colvin, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (quotations marks and citation omitted).  "Thus, even though the Commissioner is empowered to make the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself."  Williams v. Berryhill, 16-CV-283G, 2017 WL 1370995, at *3 (W.D.N.Y. Apr. 17, 2020) (citing Wilson, 2015 WL 1003933, at *21) (quotations and alterations omitted); see also Muhammad v. Colvin, No. 6:16-cv-6369 (MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) ("While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and

contains some useful assessment of the claimant's limitations from a medical source.")
(quotations marks and citation omitted).

28.     Here, this Court finds no error in the ALJ's physical RFC determination.  As
set out above, it is the product of the ALJ's consideration of Plaintiff's subjective
assessment of her physical limitations, the objective medical evidence, and the medical
opinion evidence.  See 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5).  As he is
required to do, the ALJ properly weighed all of the available evidence to make his physical
RFC determination, and there is no indication that he substituted his own opinion for that
of any medical provider.  See Matta, 508 F. App'x at 56.  Contrary to Plaintiff's argument,
this Court finds that the physical RFC is consistent with the credited portion of Dr. Liu's
opinion, and further, is supported by and directly tailored to the evidence of Plaintiff's
mental and physical limitations.  Accordingly, this Court finds no reversible error in the
ALJ's formulation of Plaintiff's physical RFC.  See Richard B., 2021 WL 22504, at *5
(noting that an ALJ must formulate RFC on the record as a whole).

29.     Accordingly, having reviewed the ALJ's decision in light of Plaintiff's
arguments, this Court finds that it is free from legal error and supported by substantial
evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27.
Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion
seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings
(Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No.
13) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      April 6, 2021
              Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
